### (December 13, 1971)

■ STANLEY WINNICK, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant.— Appeal from a judgment of the Supreme Court, entered November 20, 1970 in Tioga County, upon a verdict rendered at a Trial Term, in favor of respondent. In 1962 appellant erected a utility pole in a lawn on premises owned by the Owego Contracting Company, Inc., of which respondent was president. In 1967, when power lines were added to the pole for a nearby trailer park at respondent's request, a guy wire, 5/16 inches in diameter and of galvanized color, was attached to the pole and anchored in the ground by appellant at a point 27 feet from the base of the pole and at an angle of 43 degrees. On December 18, 1969 at about 6:00 P.M., respondent, while test driving a newly assembled snowmobile with its headlight on, went underneath the guy wire the first time around on the snow covered lawn, then

made some minor adjustments and, in going around the second time, hit the guy wire and was thrown off the machine. Respondent contends that appellant was negligent in failing to install a guard covering the lower part of the guy wire. Respondent testified that he saw the guy wire on the pole at least two years before the accident, that from the time the guy wire was put in until the accident there were no changes made on the pole or guy wire, that the corporation had maintained the lawn area around the pole since its installation, that he had mowed the lawn once or twice and in doing so it was necessary to go under and around the guy wire to get close to the anchor, that the pole and guy wire were some 40 feet from the front of the building where he had his office, that he was in a position to observe the pole and guy wire when he came to work, and that he passed in the area in front of his office several times a day for about two years before the accident. Although appellant urges assumption of risk and contributory negligence as bars to respondent's recovery, it is obvious from the record that appellant did not try the case on the former theory since there is little or no direct evidence as to whether respondent appreciated the dangers produced by the physical condition of the pole and guy wire (cf. *McEvoy* v. *City of New York*, 266 App. Div. 445, 448, affd. 292 N. Y. 654) and the charge, as to which there was no request or exception, contained no instruction on the subject. In driving his snowmobile, after dark, into an area in which he so well knew there was located the pole and the guy wire, thus exposing himself to a known danger, and in failing to use the larger open field that was available for the test drive, respondent was guilty of contributory negligence as a matter of law (cf. *Halstead* v. *Kennedy Valve Mfg. Co.*, 36 A D 2d 1005; *Greelish* v. *New York Cent. R. R. Co.*, 29 A D 2d 159, affd. 23 N Y 2d 903; *Hoffman* v. *Silbert*, 24 A D 2d 493, affd. 19 N Y 2d 661; *Utica Mut. Ins. Co.* v. *Amsterdam Color Works*, 284 App. Div. 376, 379, affd. 308 N. Y. 816; *Midgett* v. *Mastropoalo*, 277 App. Div. 792, app. dsmd. 302 N. Y. 687; *Lobsenz* v. *Rubinstein*, 258 App. Div. 164, affd. 283 N. Y. 600). Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.